**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIE H. RATLIFF, JR., : | |
| : | CIVIL ACTION NO. 10-6012(MLC) |
| Plaintiff, : | |
| : | |
| v. : | **O P I N I O N** |
| : | |
| MIDDLESEX COUNTY PROSECUTOR'S : | |
| OFFICE, et al., : | |
| : | |
| Defendants. : | |

**APPEARANCES:**

WILLIE H. RATLIFF, JR., pro se, No.19411
MCACC, P.O. Box 266, New Brunswick, NJ 08903

**COOPER**, District Judge

Plaintiff, Willie H. Ratliff, Jr., a state inmate confined at the Middlesex County Adult Corrections Center, in New Brunswick, New Jersey, seeks to bring this action in forma pauperis. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant the application to proceed in forma pauperis and order the Clerk of the Court to file the Complaint. See 28 U.S.C. § 1915(a).

The Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. The Court concludes that the Complaint should be dismissed.

I.   BACKGROUND

Plaintiff brings this civil action, pursuant to 42 U.S.C. § 1983, against the Middlesex County Prosecutor's Office, Christie L. Bevacqua, New Brunswick Police Department, Officer M. Negvesky and Bruce Kaplan (Complaint, Caption and ¶¶ 5b and 5c). The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff alleges that on March 28, 2009, he was assaulted by four individuals.  When Negvesky arrived, he interviewed only one person, one of the attackers, then arrested Plaintiff for an alleged crime.  He failed to interview any other witnesses. Assistant Prosecutor Bevacqua was made aware of the assault, but did not prosecute the offenders.  Bruce Kaplan, as head of the Middlesex County Prosecutor's Office, employs, trains and oversees Bevacqua and is thus ultimately responsible for her actions.  The New Brunswick Police Department employs and trains Negvesky and is ultimately responsible for his conduct. Plaintiff alleges that the Defendants' conduct deprived him of his right to Equal Protection, as granted by the Fourteenth Amendment.

Plaintiff requests the following relief:  (1) that Officer Negvesky be removed from the police department and be prevented from working in law enforcement; (2)  that Bevacqua be removed from office and be prevented from working as a prosecutor; and (3) $500,000 in damages.

**II. DISCUSSION**

    **A.    Legal Standard**

        **1.    Standards for <u>Sua Sponte</u> Dismissal**

A district court must review a complaint in a civil action in which a prisoner is proceeding <u>in forma pauperis</u> or seeks redress against a governmental employee or entity.  The Court must identify cognizable claims and <u>sua sponte</u> dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  This action is subject to <u>sua sponte</u> screening for dismissal under both 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, because Plaintiff is a prisoner and is proceeding as an indigent.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 93-94 (2007) (following <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976) and <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)); <u>see also</u> <u>United States v. Day</u>, 969 F.2d 39, 42 (3d Cir. 1992).

The standard for summary dismissal of a complaint that fails to state a claim is set forth in <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009).  The Court examined Federal Rule of Civil Procedure 8(a)(2), which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  Citing <u>Bell Atlantic Corp. v.</u>

3

Twombly, 550 U.S. 544 (2007), for the proposition that a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." See id. at 1948.  Iqbal emphasizes that a plaintiff must demonstrate that the allegations of the complaint are plausible.  See id. at 1949-50; see also Twombly, 505 U.S. at 555 & n.3; Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009).

  **2. Section 1983 Actions**

  To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

 **B. Analysis**

  Liberally construing the Complaint, Plaintiff alleges that Defendants are liable because they failed to file criminal charges against the individuals who attacked him and instead only

arrested him.  This Court finds that any such claim alleging failure to prosecute or file criminal charges is not cognizable under federal law, specifically, 42 U.S.C. § 1983.  See Leeke v. Timmerman, 454 U.S. 83, 85-87 (1981); Linda R.S. v. Richard P., 410 U.S. 614, 619 (1973) ("private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); see also Maine v. Taylor, 477 U.S. 131, 137 (1986); Heckler v. Chaney, 470 U.S. 821, 832 (1985); United States v. Gen. Dynamics Corp., 828 F.2d 1356, 1366 (9th Cir. 1987); Watford v. Balicki, 2010 WL 1752510, at *7 (D.N.J. Apr. 30, 2010); Rowan v. Staiger, 2009 WL 1405494, at *3 (D.N.J. May 19, 2009).

The Complaint should therefore be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).[1]

**III. CONCLUSION**

Therefore, for the reasons set forth above, the Complaint will be dismissed with prejudice as against all Defendants for failure to state a claim upon which relief may be granted,

---

[1] The Court notes that the claims against the Prosecutor Defendants would also be dismissed based on immunity.  See Imbler v. Pachtman, 424 U.S. 409, 410 (1976) ("state prosecuting attorney who act[s] within the scope of his duties in initiating and pursuing a criminal prosecution" not amenable to suit under § 1983); Williams v. Consovoy, 453 F.3d 173, 178 (3d Cir. 2006) (observing courts apply prosecutorial immunity using functional approach that focuses on purpose served by acts for which immunity is sought); Kulwicki v. Dawson, 969 F.2d 1454, 1463-1464 (3d Cir. 1992) (prosecutors enjoy immunity for decision to initiate prosecution).

pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  The Court will issue an appropriate order and judgment.

                                        s/ Mary L. Cooper     
                                    **MARY L. COOPER**
                                    United States District Judge

Dated:  March 4, 2011